# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE L. BOETTGER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-00309 |
| CAPITAL ONE BANK (USA), N.A., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Nicole L. Boettger ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Capital One Bank (USA), N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and for violations of the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq*., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, a substantial portion the events or omissions giving rise to

1

the claims occurred within the Eastern District of Wisconsin, and Plaintiff resides in the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a foreign corporation with its principal place of business located in McLean, Virginia. Defendant is one the nation's largest financial institutions, and regularly contacts consumers living in Wisconsin.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On September 30, 2018, Plaintiff opened a credit card from Maurice's in the amount of $397 serviced by Defendant. ("Subject debt").

8. After falling on financial hardship, Plaintiff could no longer maintain the minimum payments on the subject debt resulting in default.

9. In early December 2019, Plaintiff began receiving pre-recorded collection phone calls to her cellular phone number (402) XXX-0791 from Defendant attempting to collect the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0791. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. In each call Plaintiff answered, Plaintiff was greeted by a pre-recorded artificial voice stating: "Hi, this is Linda from Capital One calling on behalf of Maurice's, please give us a call back." Each of these calls lasted approximately 23 seconds.

12. Moreover, in each of the phone calls that Plaintiff did not answer, Defendant left a 23 second pre-recorded voicemail message requesting Plaintiff to call back.

13. In January 2020, Plaintiff returned a call and spoke with a representative for Defendant. During that phone call, Plaintiff requested that Defendant stop calling her cellular phone number because she was in a debt settlement program.

14. Additionally, Plaintiff advised Defendant that she would contact Defendant in the event she needs to speak with them. The representative acknowledged the request from Plaintiff.

15. Despite Plaintiff's request, Defendant continued to place collection calls to her cellular phone attempting to collect the subject debt from Plaintiff.

16. Furthermore, on January 15, 2020 Plaintiff again spoke with Defendant and requested that that cease contacting her.

17. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular telephone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between December 2019 and the present day.

19. The phone number that Defendant most often uses to contact Plaintiff is (800) 365-2024 but upon information and belief, it may have used other phone number to place calls to Plaintiff's cellular telephone.

3

Case 2:20-cv-00309-JPS   Filed 02/24/20   Page 3 of 8   Document 1

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Upon information and belief, based on Defendant's pre-recorded messages and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

28. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

29. Moreover, Defendant placed the majority, if not all calls using pre-recorded, artificial voice technology.

30. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2019 and the present day, using an ATDS without her consent.

32. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

5

36. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff NICOLE L. BOETTGER respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

40. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

41. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when she notified Defendant to cease calling her. Defendant ignored Plaintiff's

6

demands and continued to systematically place calls to her cellular phone without her prior consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment.

42. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j).

44. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular telephone after she told them that she cannot receive phone calls to her cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via telephone when it no longer had consent to do so. As an experienced debt collector, Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

45. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

46. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded Defendant to stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff numerous times. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After the conversation in which Plaintiff notified to stop calling her, Defendant had more than enough

information to know that it should not continue calling Plaintiff's telephone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff NICOLE L. BOETTGER respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 24, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com